WILLIAM R. TAMAYO, SBN 084965
JONATHAN T. PECK, SBN 12303 (VA)
MARCIA L. MITCHELL, SBN 18122 (WA)
U.S. EEOC
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 625-5651
Fax No. (415) 625-5657

Attorneys for Plaintiff

OLIVER JONES - SBN #64254
SUANE THOMPSON
JONES & THOMPSON
6334 Telegraph Avenue
Oakland, CA 94609
Telephone: (510) 655-7786

Attorneys for Plaintiff

D. GREGORY VALENZA - SBN 161250
CHARLES G. WILLIAMS - SBN 172907
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Telephone: (415) 394-9400
Fax: (415) 394-9401

Attorneys for Defendant

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff<br><br>CHE PRESANT,<br><br>Plaintiff- Intervenor<br><br>vs.<br><br>ALLTECH, INC.,<br><br>Defendant | Case No.: No. C 04 3025 SBA<br><br>SETTLEMENT AGREEMENT |

- 1 -

## I. INTRODUCTION

On July 23, 2004, Plaintiff, Equal Employment Opportunity Commission ("EEOC"), filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991. Plaintiff alleged that Defendant failed to take reasonable steps to prevent Che Presant from being subjected to a sexually hostile work environment as a result of conduct by a third party.

On August 4, 2004, Defendant Alltech, Inc. ("Alltech") answered the complaint and denied liability on all claims asserted by the EEOC.

Che Presant filed a Complaint In Intervention on December 2, 2004.

Defendant answered the Complaint in Intervention on December 21, 2004 and denied liability for all claims asserted by Che Presant.

Plaintiff EEOC, plaintiff-intervener Che Presant and Defendant Alltech want to conclude fully and finally all claims arising out of the above action without the expenditure of further resources and expenses in contested litigation. They enter into this Settlement Agreement to further the objectives of equal employment opportunity as set forth in Title VII.

## II. NON-ADMISSION OF LIABILITY

This Settlement Agreement is not an adjudication or finding on the merits of this case and shall not be construed as an admission of any violation by Defendant.

The Court has reviewed the terms of this Settlement Agreement in light of the pleadings, the record herein, and the applicable law, and now approves the Settlement Agreement in its entirety.

Therefore, IT IS HEREBY STIPULATED AND ORDERED as follows:

## III. GENERAL PROVISIONS

1. This Court has jurisdiction over the subject matter and the parties to this action.

2. This Settlement Agreement constitutes a full resolution of Plaintiff's complaint in Civil Action No. C-04-3025 SBA, plaintiff-intervener's Complaint in Intervention, and the underlying charge of discrimination filed with the EEOC.

3. This Settlement Agreement shall become effective upon its entry by the Court.

4. Each party shall bear its own costs and attorney fees.

## IV. MONETARY RELIEF

1. Che Presant will receive the gross sum total of One Hundred Thousand Dollars and No Cents ($100,000.00) ("the Settlement Sum") in full settlement of the discrimination claims made in this lawsuit and Related Cases.

2. The Settlement Sum is being paid in complete compromise of all disputed issues arising out of the Complaint filed in this lawsuit, Civil Action No. C-04-3025 SBA and Related Cases, U.S. District Court for the Northern District of California.

3. The monetary relief shall be paid as follows:

    a. Within ten (10) days of the entry of this Settlement Agreement, Defendant Alltech, Inc. will issue payment to Che Presant in the form of a business check, cashier's check, or certified check made payable to Che Presant and in the specific amount of Defendant Alltech, Inc.'s portion of the Settlement Sum. The specific amount of monetary contributions that each Defendant shall make toward the Settlement Sum shall be set forth in the General Release signed by Ms. Presant as to all defendants in this action and the Related Cases.

b. Defendant will mail the original check to Ms. Presant's private attorney, Oliver Jones and a copy to Marcia Mitchell, Senior Trial Attorney for the EEOC, at 350 The Embarcadero, Suite 500, San Francisco, CA 94103.

c. Mr. Jones will distribute the check to Ms. Presant within ten (10) days of receipt.

## V. NON-MONETARY RELIEF

1. Defendant affirms the following "Statement of Zero-Tolerance Policy and Equality Objectives":

> Defendant is firmly committed to maintaining a zero-tolerance policy concerning sexual harassment and retaliation against individuals who report harassment in the company's workplace; to swiftly and firmly responding to any acts of sexual harassment and retaliation of which the company becomes aware; to implementing a disciplinary system that is designed to strongly deter future acts of sexual harassment or retaliation; and to actively monitoring its workplace in order to ensure tolerance, respect and dignity for all people.

This paragraph does not create any contractual causes of action or other rights that would not otherwise exist.

2. In order to accomplish the objectives embodied in the Statement of Zero-Tolerance Policy and Equality Objectives and this Settlement Agreement, Defendant shall make whatever modifications are necessary to its existing policies, procedures and practices in order to ensure that the following policies, procedures and practices are in effect:

- 4 -

(a) *Policy Addressing Sexual Harassment*. Defendant agrees that it shall revise its existing harassment policy, as necessary, to: (i) include definitions of sexual harassment and provide examples to supplement the definitions of sexual harassment, (ii) include strong non-retaliation language with examples to supplement the definition of retaliation, and provide for substantial and progressive discipline for incidents of retaliation, (iii) provide that complaints of sexual harassment and/or retaliation will be accepted by Defendant both in writing and orally, (iv) provide a timetable for reporting harassment, for commencing an investigation after a complaint is made or received and for remedial action to be taken upon conclusion of an investigation; and (v) indicate that, promptly upon the conclusion of its investigation of a complaint, Defendant will communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any.

(b) *Complaint Procedures*: Defendant shall revise its complaint procedure, as necessary, in order to ensure that it is designed to encourage employees to come forward with complaints about violations of its harassment policy. As part of the policy, Defendant shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of sexual harassment and retaliation. Defendant shall designate at least two employees with responsibility for investigating such issues as contact persons. The names of the contact persons, their work locations, and telephone numbers shall be listed on the harassment policy and also shall be routinely and continuously posted in a prominent place at all of Defendant's business locations.

(c) *Supervisor Accountability*.

(i) Defendant agrees that it shall impose substantial discipline – up to and including termination, suspension without pay or demotion – upon any supervisor or manager who engages in harassment on the basis of sex or permits any such conduct to occur in his or her work area or among employees under his or her supervision, or who retaliates against any person who complains or participates in any investigation or proceeding concerning any such harassment. Defendant shall communicate this policy to all supervisors and managers.

(ii) Defendant agrees that it shall continue to advise all managers and supervisors of their duty to actively monitor their work areas to ensure employee compliance with the company's harassment policy, and to report any incidents and/or complaints of sexual harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

(iii) Defendant agrees that it will revise its supervisor appraisal process to include handling of equal employment opportunity issues as an element of supervisor or manager appraisals.

(d) *Sexual Harassment Training.*

(i) Defendant will develop and present to all of its employees in Northern California at least two hours of mandatory sexual harassment training, the cost of which shall be borne by Defendant. The training will take place within sixty days of entry of this Settlement Agreement.

(ii) The training described in the preceding paragraph shall be provided by experienced sexual harassment educators and/or investigators, and shall educate the employees about the problems of sexual harassment in the workplace. The training will include examples

of the types of remarks and behavior that will not be tolerated in Defendant's business locations. The training will include examples of sexual harassment by non-employees and will provide specific instruction as to how to address such harassment if it arises. The training will further inform each participant that he or she is responsible for knowing and complying with the contents of Defendant's harassment policy.

(iii) Supervisors and/or managers who are responsible for enforcing Defendant's harassment policy shall also receive training on appropriate techniques for preliminarily investigating harassment and reporting it to Defendant's Human Resources Department for remedy. The training on investigative techniques can be included as a component of other harassment training.

(iv) Defendant shall provide to the EEOC in advance of the training a copy of the course syllabus for the training. Following the training session, all participants shall be given a questionnaire through which they will be asked to critique the training and to provide suggestions to improve future trainings.

(v) Defendant will retain records of the training programs, listing the dates on which it held the training and identifying the persons who attended and those who did not attend. Defendant will provide a copy of these records, the training materials and the completed post-training questionnaires to the Commission within thirty (30) days of completion of the trainings.

(vi) Defendant shall provide a refresher training session twelve (12) months after the initial training. Defendant shall send to the EEOC the corresponding reports for the refresher training as identified in paragraph (v) above within thirty (30) days of completing the refresher training.

(e) *Sexual Harassment*: Consistent with Section 703 of Title VII, 42 U.S.C. §2000e-2, Defendant, its officers, agents, management (including supervisory employees), successors and assigns, and all those in active concert or participation with them, will make every effort to comply with all requirements of Title VII with respect to providing a work environment free from discrimination on the basis of sex and free from any action, policy or practice that is intended to or known to them to have the effect of harassing or intimidating any female employee on the basis of her gender or creating, facilitating or permitting the existence of a work environment that is hostile to female employees.

(f) *Retaliation*: Consistent with Section 704 of Title VII, 42 U.S.C. §2000e-3, Defendant, its officers, agents, management (including supervisory employees), successors or assigns, and all those in active concert or participation with them, agree not to engage in, implement or permit any action, policy or practice with the purpose of retaliating against Che Presant or any person who was identified as a possible witness in this action because they expressed a good faith belief about any conduct that might constitute a practice of harassment or other discriminatory acts on the basis of gender made unlawful under Title VII; filed a Charge of Discrimination alleging any such practice; or testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Defendant), proceeding or hearing in connection with this case.

## VI. REPORTING

1. Six months after entry of the Settlement Agreement and again every six months thereafter, Defendant will submit reports to the Commission summarizing any complaints of sexual harassment received by Defendant related to the operations of its Alltech, Inc/TravInfo Project during the preceding six-month period. The reports will include the identities of the


complainant(s) and the alleged harasser(s), a summary of action taken in response to the complaint and the resolution of any such complaint.

2. Within ninety (90) days of the entry of this Settlement Agreement, Defendant will send the Commission appropriate verification of its completion of harassment training for its employees.

3. Defendant shall submit a final report to the EEOC thirty (30) days before the Settlement Agreement expires containing a statement verifying its compliance with the terms of the Settlement Agreement.

## VII. RETENTION OF JURISDICTION AND EXPIRATION OF SETTLEMENT AGREEMENT

1. This Settlement Agreement shall terminate two (2) years from the date of entry by the court, unless EEOC petitions this court for an extension of the Settlement Agreement because of noncompliance by Defendant. If EEOC determines that Defendant has not complied with the Settlement Agreement, EEOC will provide written notification of the alleged breach to Defendant and will not petition the court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If EEOC petitions the court and the court finds Defendant to be in substantial violation of the terms of the Settlement Agreement, the court may extend this Settlement Agreement.

2. This Court shall retain jurisdiction over this action for the purposes of enforcing the

///

///

provisions of this Settlement Agreement pursuant to *Kokkenen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) and *Flanagan v. Arnaiz*, 143 F.3d 540, 543-44 (9th Cir. 1998) . The parties agree that any proceedings related to enforcement of the Settlement Agreement shall be heard by a United States Magistrate Judge.

On behalf of Plaintiff:

WILLIAM R. TAMAYO
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JONATHAN T. PECK
Supervisory Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

M. Mitchell by J. Peck

MARCIA L. MITCHELL
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

On behalf of Plaintiff-Intervenor

OLIVER JONES
Jones & Thompson

On behalf of Defendant:

CHARLES G. WILLIAMS
Jackson Lewis LLP

IT IS SO ORDERED:

DATED:_____

APPROVED
Judge Saundra B. Armstrong

- 10